UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| DONALD RICHARD CHILDS II, | Case No. 2:18-cv-00316-KJD-VCF |
|---|---|
| Plaintiff, | ORDER |
| v. | |
| BOYD GAMING CORPORATION, | |
| Defendant. | |

Presently before the Court is Plaintiff's Motion for Reconsideration (#31). Defendant filed a response in opposition (#35) to which Plaintiff replied (#36).

I. Background and Analysis

On September 11, 2018, the Court granted Defendant's motion to dismiss Plaintiff's complaint for failing to state a §1981 civil rights claim, denied as futile Plaintiff's motion for leave to file an amended complaint, and granted leave to Plaintiff to file a new amended complaint within twenty-one (21) days.[1] Plaintiff failed to file an amended complaint within twenty-one (21) days. In fact, Plaintiff never filed an amended complaint, timely or not.

On November 7, 2018, Defendant filed a motion to dismiss (#26) pursuant to Federal Rule of Civil Procedure ("Rule") 41(b), because the Court had granted Defendant's motion to dismiss with leave to amend, but Plaintiff had failed to file an amended complaint. That same day, November 7, the Court issued a minute order (#27) which explicitly warned Plaintiff that if he failed to respond "**judgment may be entered against plaintiff and this lawsuit will end without trial.**" Despite this warning and the ample amount of time given Plaintiff to file an amended complaint, Plaintiff failed to respond in any way. He did not file an amended

---

[1] The Court also declined Defendant's request to convert the motion to dismiss into a motion for summary judgment.

complaint, he did not respond to the new motion to dismiss, he did not seek any extensions of time. On February 28, 2019, the Court granted (#29) the motion to dismiss for failure to state a claim and for failure to file an amended complaint. Judgment (#30) was then entered.

On March 8, 2019, Plaintiff contemporaneously filed an appeal and the present motion for reconsideration pursuant Rule 60(b). Plaintiff's sole contention is that the action should not be dismissed because the Court never provided him with notice that his case would be dismissed if he failed to respond to Court orders.

However, the Court has been more than fair in accommodating Plaintiff's *pro se* status. It liberally construed his pleadings responding to the motion to dismiss. The Court granted Plaintiff an additional twenty-one (21) days to file an amended complaint after it found that his proposed amended complaint was deficient. After Defendant filed an additional motion to dismiss based on Plaintiff's failure to file an amended complaint, the Court notified Plaintiff (#27) pursuant to Klingele v. Eikenberry and Rand v. Rowland that if he failed to file points and authorities in opposition to the motion to dismiss that his complaint would be dismissed, judgment would be entered against him, and the case would not proceed to trial. The Court then gave Plaintiff an additional one hundred and eleven (111) days to respond before finally dismissing Plaintiff's complaint.

Accordingly, IT IS HEREBY ORDERED that Plaintiff's Motion for Reconsideration (#31) is **DENIED**.

Dated this 23rd day of May, 2019.

    Kent J. Dawson
    United States District Judge